DR:DKA
F. #2026R00046

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        - against -

CARLOS CANAS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR ARREST WARRANT

(18 U.S.C. § 2252(a)(2))

Case No. 26-MJ-25

EASTERN DISTRICT OF NEW YORK, SS:

        JULIA STELLIN, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

        On or about December 11, 2025, within the Eastern District of New York and elsewhere, the defendant CARLOS CANAS did knowingly receive and distribute any visual depiction, the production of such visual depiction having involved the use of one or more minors engaging in sexually explicit conduct and such visual depiction was of such conduct, using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in and affecting interstate or foreign commerce or which contains materials which have been mailed or so shipped or transported, by any means including by computer.

        (Title 18, United States Code, Section 2252(a)(2))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1.  I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been so employed since 2021. I am assigned to the Human Exploitation and Trafficking Team ("HEATT") and have been since August 2024. During my tenure with HSI, I have participated in the investigation of cases involving crimes against children. Specifically, I have experience investigating cases involving the sexual exploitation of minors and the production, receipt, distribution, and possession of sexually explicit content involving minors and child pornography, also referred to as child sexual abuse material ("CSAM").[2] I have conducted physical surveillance, executed search warrants, reviewed and analyzed electronic devices, and interviewed suspects and witnesses. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in child exploitation crimes to conceal their actions from detection by law enforcement.

2.  I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] The terms "minor," "sexually explicit conduct," "visual depiction," "computer," and "child pornography" are defined as set forth in 18 U.S.C. § 2256.

**I.        The Minor Victim's Reports to Local Police**

3.      On or about December 11, 2025, a female under the age of eighteen (hereinafter, the "Minor Victim") reported to a local police department within the Eastern District of New York (hereinafter, the "Local Police Department") that a male (hereinafter, "Person-1") had, for the past two years, been soliciting and coercing her to send nude photographs and videos of herself to him.

4.      The Minor Victim provided written statements about these incidents to the Local Police Department.   She stated that between approximately 2023 and 2025, Person-1 repeatedly contacted her online through various social media platforms, including the platforms TikTok and SnapChat, discussed below.   The Minor Victim stated that during this time, Person-1 threatened her, saying that he was in possession of nude photographs and videos of her and that he would send these photographs and videos to the Minor Victim's family and friends if the Minor Victim did not send him additional nude photographs and videos.

5.      The Minor Victim stated to the Local Police Department that out of fear and in response to this coercion, she sent Person-1 multiple nude photographs and videos of herself.   The Minor Victim stated that Person-1 also repeatedly sent her photographs and videos of himself nude and masturbating during this time.   The Minor Victim stated that she informed Person-1 multiple times that she was a minor (specifically, for example, the Minor Victim said she told Person-1 that she was 13 years old when Person-1 initially began messaging her), but Person-1 nevertheless continued to message, threaten, and harass her.

**II.       The Person-1 IP Address**

6.      The Minor Victim provided the Local Police Department with the usernames of multiple social media accounts that she said Person-1 had used to contact, threaten,

and/or harass her. Four of these accounts were usernames for the social media platform SnapChat (hereinafter, the "SnapChat Usernames"). The Minor Victim stated that Person-1 had used the SnapChat Usernames beginning in approximately October 2025 to send her videos of himself masturbating and to continue to threaten to distribute her nude photographs and videos to others.

7. Through legal process, I obtained subscriber and activity records for the SnapChat Usernames. These records showed multiple instances of activity on these accounts in November and/or December 2025 from an IP Address based in Brooklyn, New York (hereinafter, the "Person-1 IP Address").

8. The Minor Victim also provided consent to the Local Police Department to conduct an extraction of her cell phone, a portion of which I reviewed. The extraction contained a video recording of another phone playing a video of an adult male masturbating. In a portion of this video, the viewer can see the username of the social media account that recorded or sent this video. The username is for one of the SnapChat Usernames. The activity records for this account show more than 100 logins from the Person-1 IP Address between the date that the account was created (December 9, 2025) and the date it was last active (December 11, 2025).

### III. The Content Uploaded to TikTok on December 11, 2025

9. The Minor Victim stated to the Local Police Department that on or about December 11, 2025, she observed that a TikTok account had posted, without her consent, a photograph of her masturbating and a video of her exposing her nude body by lifting her T-shirt up. She stated that the video was one that she had previously sent only to Person-1. She

provided the Local Police Department with the username of this TikTok account (hereinafter, "TikTok Account 1").[3]

10. Through legal process, I obtained subscriber and activity records for TikTok Account 1. The records showed multiple instances of activity on TikTok Account 1 on or about December 11, 2025, all from the Person-1 IP Address.

11. I obtained CyberTipline reports from the National Center for Missing and Exploited Children ("NCMEC") for potential CSAM content uploaded to TikTok on or about December 11, 2025.[4] In response, NCMEC provided me with three videos with potential CSAM content that NCMEC indicated were uploaded to TikTok from TikTok Account 1 using the Person-1 IP Address on or about December 11, 2025.

12. I reviewed these videos. One of the videos clearly shows the Minor Victim, with the video providing a full view of her face.[5] In this video, the Minor Victim is, at first, sitting in a chair with her clothes on. The video then shows the Minor Victim standing up

---

[3] TikTok is a social media platform, accessed and accessible through the internet, that allows users to create and share short-form photographs and videos. Based on my training and experience; my familiarity with TikTok through numerous CSAM-related investigations; my knowledge that TikTok is a platform that connects to the internet; and my knowledge that users may use TikTok to access content via the internet, I am aware that TikTok is a means and facility of interstate and foreign commerce.

[4] NCMEC is a private, non-profit organization founded by Congress in 1984. Among its many functions, NCMEC receives tips regarding missing, abducted or sexually exploited children. NCMEC maintains a "CyberTipline" to receive complaints from Internet service providers, electronic service providers, and others. NCMEC analysts will review CyberTipline reports and forward them to the appropriate law enforcement agency for further investigation.

[5] I am familiar with the Minor Victim's face and appearance through in-person interviews of her that I have conducted.

and pulling her pants down, exposing her genital area to the viewer. The Minor Victim then lifts up her shirt, exposing her breasts.

13.     Based on the facts recited above—including the facts that (a) the above-described video clearly depicts the Minor Victim, who reported that Person-1 had been repeatedly threatening to distribute nude videos of her prior to this time; (b) the video matches the description of a video that the Minor Victim stated that she had previously sent only to Person-1; and (c) the video was uploaded using the Person-1 IP address—there is probable cause to believe that this video was uploaded to TikTok by Person-1.[6]

## IV.     Identification of CANAS

14.     To investigate the identity of Person-1, I obtained subscriber records for the Person-1 IP Address through legal process. These records indicate that the Person-1 IP Address is active and is associated with a female customer at an address in Brooklyn, New York.

15.     The address associated with the customer of the Person-1 IP Address is an apartment within a larger apartment building. I obtained management records for this apartment building, which list a person named CARLOS CANAS as a "permanent visitor" for the apartment, who has access to the apartment building through a digital key. The records show that CANAS's digital key made entries into the apartment building, including, among other dates, on or about December 7 and 12, 2025, dates close to the date when the above-described video was uploaded to TikTok.

---

[6] I also reviewed the other two videos that NCMEC provided me in response to my query, which were also uploaded from TikTok Account 1 using the Person-1 IP Address on or about December 11, 2025. These two videos also show minors engaging in sexually explicit conduct—suggesting that Person-1 may have engaged in multiple criminal acts of distributing CSAM on this date.

16. The apartment building records also provided a photograph, email address, and telephone number for CANAS. A comments section for these records stated, "Boyfriend," indicating CANAS's status as a boyfriend of the subscriber of the Person-1 IP Address. The photograph of CANAS, provided in the above-described building records, is included below.



17. When the Minor Victim provided a statement to the Local Police Department, she provided a description of Person-1's physical appearance. The Minor Victim stated to the Local Police Department that she was familiar with Person-1's physical appearance because she had participated in multiple video chats with Person-1. The Minor Victim described Person-1, in part, as a heavy set Hispanic male with a long black beard, with grey hairs near his mouth, a large nose, and long black hair usually kept in a bun. This description of Person-1 matches, in large part, the photograph of CANAS above.

18. I have also reviewed subscriber and activity records for a CashApp account belonging to CANAS.[7] The records for this account show that the Person-1 IP Address

---

[7] I know that this account belongs to CANAS because (a) the account is linked to the email address and telephone number that were listed for CANAS in the apartment building

was used to access the account twice in October 2025, the last month that the records show activity.

19. In addition, when the Minor Victim provided a statement to the Local Police Department, she also provided another username—different from those described above—that she said Person-1 had used to contact her at an unspecified time in 2023 or 2024. Through legal process, I obtained subscriber and activity records for a TikTok account with this username. The telephone number listed in the subscriber records for this TikTok account is the same as the telephone number listed for CANAS in the building records and CashApp account described above.

20. Based on the foregoing, I submit there is probable cause to believe that Person-1 is CANAS, and that on or about December 11, 2025, CANAS committed a violation of 18 U.S.C. § 2252(a)(2) (distribution of a visual depiction of sexually explicit conduct involving the use of a minor).[8]

---

records described above and (b) the account lists a date of birth and last four digits of a social security number that I know belong to CANAS based on my review of CANAS's criminal history records and driver's license.

[8] I have reviewed a report of CANAS's criminal history. The report indicates that on or about August 20, 2015, CANAS was convicted in a state court in Nassau County, New York, of Sexual Misconduct: Person Has Intercourse With Another Without Consent, pursuant to New York Penal Law § 130.20(1). As an offense that "relat[es] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," this offense may qualify CANAS for an enhanced statutory penalty, specifically, a mandatory minimum term of imprisonment of 15 years and a maximum term of imprisonment of 40 years. 18 U.S.C. § 2252(b)(1); see United States v. Keith, No. 15-CR-827 (AJN), 2017 WL 11683831, at *1 (S.D.N.Y. May 16, 2017).

9

WHEREFORE, your deponent respectfully requests that the defendant CARLOS CANAS, be dealt with according to law.

*[signature]*
JULIA STELLIN
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
3rd day of February, 2026

*Marcia M. Henry*
THE HONORABLE MARCIA M. HENRY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK